[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**May 19, 2005**
**THOMAS K. KAHN**
**CLERK**

_____

No. 04-13499
Non-Argument Calendar

_____

D. C. Docket No. 02-60236-CW-WJZ

FAYE WRIGHT SIMPSON,

Plaintiff-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 19, 2005)**

Before EDMONDSON, Chief Judge, BIRCH and BARKETT Circuit Judges.

PER CURIUM:

Faye Wright Simpson appeals the district court's orders granting (1) partial summary judgment and (2) judgment as a matter of law in favor of her former employer, the Florida Department of Corrections ("DOC"), in this case alleging retaliation in violation of Title VII, 42 U.S.C. § 2000e et seq. No reversible error has been shown; we affirm.

Simpson, an African-American woman who was a correctional probation specialist at the DOC, alleged that her supervisors overburdened her with excessive work after she filed an internal civil rights complaint, a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and a 1998 employment discrimination lawsuit against the DOC. Simpson asserted that, in early 2001, the DOC instituted office staffing changes that left her as the only specialist in her office. Simpson subsequently asserted in an affidavit that she worked at least five hours unpaid overtime per week for over a year to meet the job obligations caused by the increased workload.

Based on Simpson's allegations of working unpaid overtime, the DOC reported this conduct to the state inspector general's office ("OIG"), which investigated her failure to disclose the alleged overtime on her attendance and

2

leave reports. The DOC terminated Simpson in August 2003 after the investigation.

The Public Employees Relations Committee ("PERC") held a post-termination hearing. The hearing officer determined that Simpson had not worked the overtime she claimed and thus did not falsify her time sheets. But the hearing officer opined that Simpson therefore had filed a false affidavit alleging she had worked unpaid overtime. The officer also determined that Simpson had refused to answer questions about her job duties and had failed to follow instructions during the investigation interview. The officer concluded that discipline, including termination, was warranted.

Simpson supplemented her complaint to add a claim that the DOC terminated her in retaliation for her engaging in a protected activity. The district court granted summary judgment on the claim of retaliatory termination. The district court determined that Simpson had not rebutted as pretextual the DOC's proffered reasons for her termination: that she had engaged in misconduct by falsifying either her time sheets or her affidavit and that she did not cooperate with the investigation about the time sheet discrepancy. But the district court allowed the claim about retaliatory increased workload to proceed to a jury trial. After the

close of Simpson's case, the district court granted the DOC's Fed.R.Civ.P. 50

motion for judgment as a matter of law.

Simpson argues that the district court erred in granting the DOC's Rule 50

motion: she contends a jury should have been permitted to decide the degree to

which her workload increased after the staffing changes in her office and to decide

whether the DOC intentionally increased her workload. But Simpson has not

provided us with transcripts of the trial. Federal Rule of Appellate Procedure

10(b) places on the appellant the burden of ensuring that the record on appeal --

including the appropriate transcripts -- is provided to this Court. See

Fed.R.App.P. 10(b); Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)

(writing that a pro se litigant "must provide trial transcripts in the appellate record

to enable this court to review challenges to sufficiency of the evidence"), cert.

denied, 123 S.Ct. 1589, 2219 (2003). And without transcripts of the trial, we

cannot review whether the district court erred in granting the DOC's Rule 50

motion.[1] So, due to Simpson's failure to provide the necessary trial transcripts, we

---

[1] Simpson has provided only the 18-page transcript of the oral argument on the Rule 50 motion. But she has not submitted the transcripts showing the testimony and evidence presented at trial, on which the district court based its ruling.

must affirm the district court's grant of the DOC's Rule 50 motion on her claim of retaliatory increased workload. See Loren, 309 F.3d at 1304.[2]

Simpson also argues that the district court erred in granting summary judgment on her retaliatory termination claim. She asserts (1) that she established a prima facie case of retaliation and (2) that she rebutted as pretextual the DOC's reasons for her termination by presenting affidavits and testimony showing she actually was terminated for filing EEOC charges and a lawsuit, not for filing false timesheets or a false affidavit.

We review a district court's grant of summary judgment de novo; and we view the evidence in the light most favorable to the party opposing the motion. Kelley v. Hicks, 400 F.3d 1282, 1284 (11th Cir. 2005). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

To evaluate claims of Title VII retaliation based on circumstantial, rather than direct, evidence of discrimination, we use the burden-shifting framework in

---

[2] Simpson suggests that the magistrate judge should not have denied her motion to compel production of caseload printouts for other specialists: these printouts allegedly would have substantiated her claim. The magistrate judge abused no discretion in denying this motion: the magistrate determined that the motion was untimely and that the DOC attested that no such documents were in its possession. See Hinson v. Clinch County, Ga., Bd. of Educ., 231 F.3d 821, 826 (11th Cir. 2000) (no abuse of discretion for district court to deny motion to compel production due to plaintiff's delay in filing motion).

5

McDonnell Douglas Corp. v. Green, 93 S.Ct. 1817 (1973). See Rojas v. Florida, 285 F.3d 1339, 1342 (11th Cir. 2002). Simpson first must establish a prima facie case of retaliation. The DOC then must offer a legitimate, nondiscriminatory reason for its employment acts. If the DOC successfully rebuts the presumption, the burden shifts back to Simpson to discredit the proffered nondiscriminatory reason as pretextual. See id.

We assume without deciding that Simpson can establish a prima facie case of retaliation. And the DOC offered legitimate, nondiscriminatory reasons for her termination: her submission of false time sheets and her later failure to cooperate with the OIG investigation. The DOC circuit administrator underscored the seriousness of a claim of unrecorded overtime: this exposed the DOC to liability for violations of the Fair Labor Standards Act. That the PERC determined that Simpson had not worked the alleged overtime does not save Simpson from summary judgment: a necessary inconsistency exists between Simpson's affidavit claiming she worked overtime, and the time sheets reflecting no overtime.[3]

_____

[3]The DOC has submitted supplemental authority: the state court of appeals' affirmance of the PERC decision upholding Simpson's termination. The DOC contends that Simpson is collaterally estopped from arguing that she did not commit the violations that led to her termination. But the district court already had considered the PERC decision in determining that nondiscriminatory reasons existed for Simpson's termination. And even though the state court decided that cause existed for Simpson's termination, this does not preclude Simpson from arguing that her termination "was the product of . . . retaliation." Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999).

Simpson has not rebutted as pretextual the DOC's reasons for her termination. She points to the affidavits of a coworker, Donald Campbell, and a supervisor, Larry Sullenger, that the DOC "made it known" that she would be terminated because she filed the EEOC charges and lawsuits. Sullenger's affidavit contains nothing more than conclusory allegations that Simpson was terminated for an illegal reason. See Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000) (writing that conclusory allegations in affidavit are insufficient to defeat motion for summary judgment). Campbell indicated that in an October 2000 telephone conversation with Stephanie Curd, an assistant attorney general for the State of Florida, Curd stated DOC administrators "hate[d]" Simpson for filing lawsuits and that these administrators said eventually they would fire Simpson. But Simpson was not fired until nearly three years after this conversation. And Curd's comments indicated nothing more than her own opinion of the DOC's attitude toward Simpson: these comments do not address the DOC's proffered reasons for her termination.[4]

---

[4] We do not consider Simpson's contention that she established pretext because the DOC failed to terminate a specialist who committed, and was sentenced to probation for, a violent sexual battery. Simpson presented this evidence to the district court only after her trial: it was not before the court when the court ruled on the summary judgment motion. See Clinkscales v. Chevron U.S.A., Inc., 831 F.2d 1565, 1570 (11th Cir. 1987) (stating that appellate court does not consider evidence not part of record properly before district court in ruling on summary judgment motion). Simpson also refers to trial testimony that allegedly supports her argument on pretext. But we do not consider this evidence: it was not before the district court when it ruled on the DOC's summary judgment motion,

In sum, Simpson has not met the DOC's legitimate, nondiscriminatory reasons for her termination "head on" and rebutted them. <u>Wilson v. B/E Aerospace, Inc.</u>, 376 F.3d 1079, 1088 (11th Cir. 2004) (Title VII discrimination case). The district court properly granted summary judgment in favor of the DOC on Simpson's retaliatory termination claim.

AFFIRMED.

---

and in any event, she has not provided us with trial transcripts.